IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSHUA FOSTER, et al.** § | | **PLAINTIFFS** |
| § | | |
| v. § | | Civil No. 1:18-cv-50-HSO-RHWR |
| § | | |
| **HUNT SOUTHERN GROUP, LLC,** § | | |
| **et al.** § | | **DEFENDANTS** |

### ORDER GRANTING DEFENDANTS' MOTION [312] TO EXCLUDE OPINIONS AND TESTIMONY OF DR. PAUL GOLDSTEIN, GRANTING DEFENDANTS' MOTIONS [308], [310] FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANTS

BEFORE THE COURT are Defendants Hunt Southern Group, LLC and Hunt MH Property Management, LLC's Motion [310] for Summary Judgment; Defendant Forest City Residential Management, LLC's Motion [308] for Summary Judgment; and Defendants Hunt Southern Group, LLC, Hunt MH Property Management, LLC, and Forest City Residential Management, LLC's (collectively "Defendants") Motion [312] to Exclude Opinions and Testimony of Dr. Paul Goldstein. The Motions are fully briefed. After due consideration of the record, the parties' submissions, and relevant legal authority, the Court finds that Defendants' Motion [312] to Exclude Opinions and Testimony of Dr. Paul Goldstein should be granted, that Defendants' Motions [310], [308] for Summary Judgment should be granted, and that Plaintiffs' claims should be dismissed with prejudice.

Plaintiffs Joshua Foster, Jessica Foster, Makayla Foster, and Gabriella Foster (collectively "Plaintiffs") allege that they were exposed to mold while living in housing at Keesler Air Force Base ("Keesler") in Biloxi, Mississippi. Am. Compl.

[195]. Plaintiffs assert claims for negligence, gross negligence, breach of contract, civil conspiracy, alter ego, fraudulent concealment, intentional endangerment, constructive eviction, violation of § 3951 of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.* ("SCRA"), breach of agreement to repair, and third-party beneficiary breach of contract. *Id*. at 9-20.

This suit is one of fifteen similar cases filed in this Court by current or former residents at Keesler involving allegations of toxic mold and raising substantially similar, if not identical, claims.[1] This Court has already issued an Order granting summary judgment to Defendants in one case with identical claims based on substantially similar facts. *See Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 4345990 (S.D. Miss. Sept. 12, 2019). The Court denied the *Yarbrough* plaintiffs' motion for reconsideration, *Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 5596419 (S.D. Miss. Oct. 30, 2019), and excluded plaintiffs' expert, Dr. Paul Goldstein, from offering an opinion or testifying with respect to specific causation under Federal Rule of Evidence 702, *see Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 4392519 (S.D. Miss. Sept. 12, 2019). The *Yarbrough* plaintiffs appealed the Court's entry of summary judgment to

---

[1] *See Pate v. Hunt Southern Group, LLC*, 1:18cv46-HSO-RHWR; *Schooling v. Hunt Southern Group, LLC*, 1:18cv47-HSO-RHWR; *Fox v. Hunt Southern Group, LLC*, 1:18cv48-LG-RPM; *Cooksey v. Hunt Southern Group, LLC*, 1:18cv49-LG-RPM;; *Yarbrough v. Hunt Southern Group, LLC*, 1:18cv51-LG-RHW; *Poole v. Hunt Southern Group, LLC*, 1:18cv52-LG-RHW; *Stewart v. Hunt Southern Group, LLC*, 1:18cv53-HSO-RHWR; *Eden v. Hunt Southern Group, LLC*, 1:18cv54-HSO-RPM; *Owen v. Hunt Southern Group, LLC*, 1:18cv55-LG-RHW; *Delack v. Hunt Southern Group, LLC*, 1:18cv56-LG-RPM; *Bean v. Hunt Southern Group, LLC*, 1:18cv393-HSO-JCG; *Rutherford v. Hunt Southern Group, LLC*, 1:18cv394-LG-RPM; *Alexander v. Hunt Southern Group, LLC*, 1:19cv28-HSO-JCG; and *Martin v. Hunt Southern Group, LLC*, 1:19cv172-HSO-JCG.

the United States Court of Appeals for the Fifth Circuit, which affirmed "for the [same] reasons stated by the district court in its well-reasoned opinion." *Yarbrough v. Hunt S. Grp., LLC*, 836 F. App'x 238, 241 (5th Cir. 2020).

Defendants have now filed the present Motion [312] to Exclude Opinions and Testimony of Dr. Paul Goldstein and Motions [308], [310] for Summary Judgment in this action, arguing that Dr. Goldstein's opinion and testimony on specific causation should be excluded, and that they are entitled to summary judgment on Plaintiffs' claims, for reasons nearly identical to those in *Yarbrough*. *See* Mem. [313]; Mem. [311]; Mem. [309]. Plaintiffs have filed Responses [316], [317], [318] in Opposition to each Motion which are essentially identical to the briefs filed in *Yarbrough* and which make no effort to distinguish this case from *Yarbrough*. *See* Resp. [316]; Resp. [317]; Resp. [318].[2]

Based upon a thorough review of the record, the Court finds that the present case and *Yarbrough* are factually indistinguishable in all material respects. Plaintiffs have offered the same experts in this case that *Yarbrough* held should be prohibited from opining on specific causation. Ex. 27 [316-27]; Ex. 27 [317-27] (Dr. Goldstein's deposition testimony); Ex. E [319-6] (Joe Morgan's deposition testimony). The Court finds that the same reasoning and analysis applied in *Yarbrough*, 2019 WL 4392519, excluding Dr. Goldstein's opinion on specific

---

[2] Plaintiffs' Responses to the Motions presently before the Court are nearly identical to those filed by Plaintiffs in response to Defendants' previous Motions [220], [234], [235] in this case, which were denied by the Court without prejudice in light of the stay imposed during the *Yarbrough* appeal. *See* Resp. [271]; Resp. [263]; Resp. [259]; *see also* Text Only Order, Dec. 3, 2019. Not only do Plaintiffs fail to distinguish *Yarbrough*, but they do not even mention this Court's *Yarbrough* orders or the Fifth Circuit's affirmance.

3

causation, applies with equal force to his opinion in this case. The Court also finds that for the same reasons detailed in *Yarbrough*, 2019 WL 4345990, at *4, Plaintiffs' other expert Joe Morgan cannot offer evidence as to specific causation. The Court further finds that the reasoning offered by this Court in granting Defendants' motions for summary judgment in *Yarbrough* is equally applicable here. *See id.* at *3-9.

The Court therefore adopts and incorporates by reference all of the relevant opinions issued by this Court and the Fifth Circuit in *Yarbrough* as the findings of this Court and concludes that Defendants' Motion [312] to Exclude Opinions and Testimony of Dr. Paul Goldstein and Motions [308], [310] for Summary Judgment should be granted.[3]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Hunt Southern Group, LLC, Hunt MH Property Management, LLC, and Forest City Residential Management, LLC's Motion [312] to Exclude Opinions and Testimony of Dr. Paul Goldstein is **GRANTED** on grounds that Dr. Goldstein's opinion concerning specific causation is unreliable and should be excluded.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Hunt Southern Group, LLC and Hunt MH Property Management, LLC's Motion [310] for

---

[3] Again, despite notice of the *Yarbrough* decision and its nearly identical factual basis, Plaintiffs' counsel made no attempt to distinguish this Court's orders or explain why this Court is not bound by the Fifth Circuit's decision affirming its summary judgment order. Instead, Plaintiffs filed nearly identical responses to those filed previously in this case, which contained the same arguments rejected by this Court in *Yarbrough*, and did not even reference this Court's orders in *Yarbrough*.

Summary Judgment and Defendant Forest City Residential Management, LLC's Motion [308] for Summary Judgment are **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs Joshua Foster, Jessica Foster, Makayla Foster, and Gabriella Foster's claims against Defendants Hunt Southern Group, LLC, Hunt MH Property Management, LLC, and Forest City Residential Management, LLC are **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending motions are **DENIED** as moot.

**SO ORDERED AND ADJUDGED**, this the 5th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE